Reyna Flores Gomez
231 Windy Ridge Lane
Moxee, WA 98936
509 895 7265

DISCTRICT COURT OF THE UNITED STATES
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

Reyna Flores Gomez )
 )
Plaintiff ) Case # 1:14-CV-3099-TOR
 ) Plaintiff's Complaint For Damages
v ) For: 256,500 for violation of the
 ) rights of the Plaintiff under the
Evergreen Financial, ) FCRA, Conversion, and deliberate
Webers Auto and Towing ) destruction of the Plaintiff's
Robert S. Young, Defendants ) credit.
 )
 Jury Trial Demanded

## CLAIMS

1. FCRA

It is claimed that Weber's Auto Repair and Towing is a Person as defined by 15 U.S.C. § 1681a 603.

2. It is claimed that Evergreen Financial is a Person as defined by 15 U.S.C. § 1681a 603.

3. It is claimed that Weber's Auto Repair and Towing deliberately placed a debt against the Plaintiff where that debt was not the debt of the Plaintiff and Weber's Auto Repair and Towing did this deliberately to harm the Plaintiff's credit and to wring money from the Plaintiff through coercion and unlawful use of the legal system

4. It is claimed that Weber's Auto Repair and Towing towed a vehicle which belonged to an associate of the Plaintiff and that associate's name was Guillermo Fierros.

RECEIVED
JUL 1 8 2014
CLERK, U.S. DISTRICT COURT
YAKIMA, WASHINGTON

- 1

5. The automobile was purchased by Guillermo and was registered by Guillermo Fierros.

6. The Plaintiff does not have a driver's license and does not drive.

7. Guillermo Fierros and the Plaintiff were never married and there was no community property.

8. It is believed that at some point in time, about 2005 Guillermo's automobile was sold to another person and the documents were not properly filed with the Department of Licensing.

9. Weber's Auto Repair and Towing towed the vehicle.

10. Under RCW 46.55.110 Webers had an affirmative duty to perform by informing Guillermo that the automobile had been towed and how it could be recovered. It is claimed that Webers failed to provide any notice whatsoever.

11. On August 28, 2012 Guillermo became dead.

12. To that point from

13. Webers placed the debt for the towing with a collection agency, Evergreen Financial.

14. It is claimed that although Webers was aware that the automobile belonged solely to Guillermo Fierros, Webers reported to Evergreen Financial that the Plaintiff was a party to the ownership of the vehicle.

15. It is claimed that this behavior by Webers violated the FCRA because they knowingly provided false information to Evergreen Financial which led to Evergreen Financial taking the money of the Plaintiff.

16. Plaintiff claims that the processes used by Evergreen Financial to be corrupt in that they do not properly serve documents related to the debt and they do not investigate when they are informed that the debt is not valid, both in violation of the FCRA.

17. Plaintiff alleges that she personally contacted Evergreen Financial on many occasions to explain the fact that she and Guillermo were never married and that Plaintiff had no ownership stake in the automobile, but this did not deter Evergreen Financial from gaining the money from the Plaintiff's bank accounts and from the job where the Plaintiff works.

18. The debt of about 784 suddenly turned into several thousand dollars, some 1, 515 remains to this date.

19. On every occasion that the Plaintiff finds work Evergreen financial is there demanding payment when they knew that the Plaintiff never had any dealings with the automobile.

20. It I claimed that Evergreen Financial violated the rights of the Plaintiff.

21. It is claimed that Evergreen Financial has an unholy alliance with the Yakima District Court judiciary whereby Evergreen Financial arrives at Court with documents they claim were served upon the debtor. Those documents are given the force of law by jurists who do not demand solid proof of service of the complaint and issues default judgment without giving the person any opportunity to appear and contest the proceedings. This then creates a wealth of default judgment issued against persons who were never properly served with the complaint. The first time the person

knows that there is a judgment against them is when they receive notice that their salary has been reduced by amounts that are being sent to Evergreen Financial.

22. Plaintiff claims that Evergreen Financial violated the FCRA by failing to investigate the information provided to them by the Plaintiff where the Plaintiff informed them that she did not own the vehicle; she was not married to Guillermo Fierros, and did not have a community property relationship with Guillermo Fierros.

23. Yet, the Plaintiff began to receive notices from Evergreen Financial where they had changed the Plaintiff's name from Reyna Flores Gomez to Reyna Fierros, or to Reyna Gomez, or Reyna Flores when Evergreen knew that the Plaintiff has never been known by those names and carries only her own name of Reyna Flores Gomez.

24. Evergreen could have but failed to gain a true and correct copy of the Plaintiff's identification. With a mere cursory check of the Department of Licensing Evergreen Financial could have but failed to verify the identity of the Plaintiff and set forth to collect monies from the Plaintiff when they knew that the Plaintiff never owed a debt.

25. Once the Plaintiff made the information available to Evergreen Financial that the debt was invalid Evergreen had the duty to investigate the circumstances and provide to the Plaintiff a written decision unless Evergreen determined the information to be frivolous. Evergreen Financial failed to perform even the least cursory investigation.

26. It is claimed that Evergreen Financial Services violated the Plaintiff's rights under the FCBA. In particular it is claimed that Evergreen did violate the rights of the Plaintiff by seeking to charge and charging the Plaintiff money when they were aware that the Plaintiff is not the owner of the debt and that the Plaintiff has no personal debt under which the collections are made.

27. Plaintiff claims that Evergreen Financial Services and Weber Auto Repair and Towing committed the tort of conversion by taking monies from the Plaintiff that they had no right to take.

3. Conversion

"'To state a claim for conversion, a party must establish the intentional exercise of dominion or control over a chattel that so seriously interferes with the right of another to control it that the actor may justly be required to pay the full value of the chattel.'" In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, courts consider the following factors: "(a) the extent and duration of the actor's exercise of dominion or control; (b) the actor's intent to assert a right in fact inconsistent with the other's right of control; (c) the actor's good faith; (d) the extent and duration of the resulting interference with the other's right of control; (e) the harm done to the chattel; [and] (f) the inconvenience and expense caused to the other." Becker v. Pac. Forest Indus., Inc., 211 P.3d 284, 287 (Or. App. 2009) (citing Restatement (Second) of Torts § 222A (1965) and Mustola v. Toddy, 456 P.2d 1004,

- 5 -

1007 (Or. 1969)). Here, Plaintiff alleges that Evergreen Financial wrongly took complete control of the funds in Plaintiff's accounts by taking monies From her pay for charges for which Plaintiff should not have been held liable.

28. Thereby, both Weber's Auto Repair and Towing and Evergreen Financial converted the money belonging to the Plaintiff and did so illegally when they knew that the Plaintiff did not owe money on the automobile.

29. The system of collection in Yakima, Washington is different that anywhere else. First, the debt is placed with the collection agency. The collection agency then prepares a document indicating that the person owes the amount and they send a copy to the person. The copy of the document looks like a legal document but it is not. It is just an attempt to collect the debt. If the target responds he or she is given an opportunity to start a payment plan with the Evergreen Financial. If the person does not respond, then Evergreen Financial then submits the matter to the legal staff which then prepares complaints and serves them on the Court. There is never any actual service of documents upon the target which would lead him or her to believe that there is a court matter involved. Evergreen then enters the Court in the person of an attorney who does this type of stuff exclusively and it is just an easy matter of presenting the order for default to the commissioner or judge who will sign the orders giving Evergreen the right to attach property and income. The first time the person knows that there is a lien is when the money is taken from their wages

30. Plaintiff claims that for the debt to be legal Evergreen Financial must serve the documents upon the person from whom they seek to obtain payment. They cannot deliver a letter in the mail unless it is sent in such a manner to ensure that it is received by the purported debtor. Without a showing of actual receipt, there is no service of the legal documents leading to attachment of property or income.

31. Plaintiff asserts that she found out about the money being taken from her by her visit to the collection agency where she had a previous debt and was there making payment on that debt. The clerk informed her that there was another collection that was assigned to Evergreen and that it would have to be paid. But, already, Evergreen had already taken all the steps to gain a lien without the Plaintiff knowing about this at all.

32. The documents held with the County show that the vehicle was towed on 5/28/2005 and the debt was placed to Evergreen Financial Services by Weber Auto Repair and Towing.

33. The documents within the file identify that letters were sent to "Reyna Fierros" and that this constituted proof of service. Plaintiff's name is not now, nor has it ever been Reyna Fieros or Reyna Flores or Reyna Gomez. The Plaintiff's name has always been Reyna Flores Gomez.

34. Evergreen Financial Services falsified documents in order to cause the Plaintiff to be liable for an expense that she is not liable for. Moreover, they falsely certified that they had served the Plaintiff with documents when they never have done so. They also falsified the fact that the

Plaintiff is married when she has never been married to Guillermo Fierros. These actions violate the Plaintiff's rights under the United States Constitution.

35. Plaintiff claims that the debt which originally occurred in the year 2005 and presented to Court in December of 2007 is no longer valid and was not valid in the first place because the Plaintiff never owned the vehicle in question; the vehicle was never registered to her as being an owner of the vehicle and that collections efforts on a debt that is so stale cannot be legal under any set of circumstances and is not legal under any set of circumstances because the Plaintiff has never been served with any of the documents relating to the collection of the debt through process.

36. It is finally claimed that the Defendants have deliberately falsified the credit history of the Plaintiff by deliberately placing false information into the record regarding the Plaintiff and deliberately preventing her from having good credit because of their actions.

37. Plaintiff claims that Robert S. Young acted as counsel for Evergreen Financial Services and deliberately caused the injury to the Plaintiff. Through cursory investigation Robert S. Young could have ascertained the fact that the Plaintiff was never married to Guillermo Fierros and had no connection to the automobile, but took advantage of the fact that his contacts with the court system in Yakima would allow him to place undisputed information into the record which could not be disputed by the

Plaintiff as the Plaintiff was never served with any documents regarding the issue.

38. Plaintiff claims that Robert S. Young has a policy and practice of performing such acts with such acts being: providing false certifications to the District Court in Yakima, providing false proof of service documents to the District Court in Yakima, seeking and gaining default notices against the party and then proceeding to enforce collection activity even though he was aware that this particular Plaintiff did not owe money on the debt.

39. Plaintiff claims that Robert S. Young acted in the way he did through pure prejudice against the Plaintiff because the Plaintiff is an alien. Plaintiff claims that Robert S. Young targets aliens for his action because of his belief that aliens would not fight the proceedings and would simply pay the amounts demanded in order to not face the judiciary because of their legal status in America.

40. Throughout the course of this matter the Plaintiff has been robbed of almost 2,000.

41. Plaintiff claims that although Robert S. Young is listed on the documents as counsel for the Defendants, whenever a person calls Mr. Young's office they are immediately transferred to Evergreen Financial Services.

42. Plaintiff claims that Robert S. Young is solely named as Attorney of Record by Evergreen Financial Services to bully aliens into paying money

to avoid legal action in the court which could expose them to deportation by USCIS.

43. It is claimed that Robert S. Young was contacted by letter by David B. Trujillo, an attorney in Yakima, Washington and informed of the fact that the Plaintiff is not married to Guillermo Fierros and never was married to Guillermo Fierros, but Robert s. Young and his agency, Evergreen Financial Services failed to correct the record. The letter was mailed by using USPS and also faxed to Mr. Young's office. That communication is attached as Exhibit A and has been ignored completely by Robert S. Young.

44. Plaintiff alleges that she spoke to Weber's Auto Repair and Towing and was informed that all decisions and discussions had to go through Evergreen Financial which provides service to Weber's Auto Repair and Towing.

For the denials, omissions and deliberate actions as well as actions done negligently, the Plaintiff believes that Evergreen Financial is liable to her for the sum of 85,500.

For the actions of Weber Auto Repair and Towing Service, the Plaintiff seeks that Weber be held liable for the amount of 85,500.

For the actions of Robert S. Young, the Plaintiff claims that Robert S. Young is liable to her for the amount of 85,500.

Submitted on the date of 7/12/14

Reyna Flores Gomez.

*REYNA FLORES GOMEZ*

LAW OFFICES OF DAVID B. TRUJILLO
3805 Tieton Drive
Yakima, Washington 98902
(509) 972-3838
Facsimile (509) 972-3841
E-Mail Address: tdtrujillo@yahoo.com

January 26, 2011

Robert S. Young, III
24 N. 2nd Street
Yakima, WA 98901
FAX (509)575-1426

Re: <u>Evergreen Financial Services, Inc. v. Guillermo Fierro and "Reyna Fierro" a/k/a Reyna Flores a/k/a Reyna Gomez, Yakima County District Court Case No. 078254</u>

My client - Ms. Reyna Flores

Dear Bob:

I have a client whose old live-in boyfriend got sued for towing bill he didn't pay for his own car, but Ms. Flores was also sued too. Clearly this was a mistake and has no factual basis. Unfortunately, Ms. Flores thought she had cleared this up with Evergreen a long time ago, but we just confirmed that Ms. Flores is still listed in your lawsuit against the proper defendant - Guillermo Fierro, a single person. This is because Ms. Flores was recently mailed your notice seeking a subpoena for employment security records.

In any event, Ms. Flores has never been married to Guillermo Fierro and cannot be held liable for her old boyfriend's debts. The lack of any marriage of Ms. Flores is confirmed by the attached certificates from both Mexico and again today by the Yakima County Auditor in Washington where marriage licenses are issued after searching all the national database records for any and all prior marriages and especially for marriages that have not been terminated by a proper divorce or annulment.

I am asking if you would please agree to vacate and dismiss that part of the judgment as to Ms. Reyna Flores only. For clarification, be advised that Reyna's last name "Flores" is Reyna's father's last name (which is how we all call ourselves here in the States) and "Gomez" is Reyna's Mother's last name. However, in Mexico she would go by Reyna Flores Gomez. Please advise as soon as possible. Thank you for your courtesies and attention to this matter.

Sincerely,

DAVID B. TRUJILLO

cc: Client

11



PRESIDENCIA MUNICIPAL
VILLA PURIFICACION, JAL.
ADMINISTRACION
2007 - 2009

**DEPENDENCIA:** REGISTRO CIVIL 01

**EXPEDIENTE:** 42/2009

**ASUNTO:** CONSTANCIA DE SOLTERIA.

**A QUIEN CORRESPONDA:**

El que suscribe **C. JOSE CANDELARIO LLAMAS LOPEZ,** Oficial en Jefe del Registro Civil de este lugar, por este medio, hace constar y:

**C E R T I F I C A:**

Que en libro de Actas de Nacimiento correspondiente al año de **1962** bajo acta Nº **43** Libro **01** Afoja **13** a nombre de: **REYNA FLORES GOMEZ,** no se encuentra anotación alguna al margen de **M A T R I M O N I O.**

Se extiende la presente a petición del interesado para los usos y fines legales que a ella convengan.

**A T E N T A M E N T E.**
VILLA PURIFICACION, JALISCO.   21   DE MAYO DE 2009.
EL OFICIAL DEL REGISTRO CIVIL.

**C. JOSÉ CANDELARIO LLAMAS LOPEZ.**

c. c. p. Archivo.
MAGP/

NICOLAS BRAVO No. 95   C. P. 48800    TEL. Y FAX. (357) 37 50140   (357) 37 50058   (357) 37 50543

12

# Yakima County Auditor

Corky Mattingly, Auditor
Diana Soules, Assistant Auditor

## CERTIFICATE OF LACK OF RECORD

I, the below signed, hereby certify that after diligent search, I did not find a Marriage License between Reyna Fierros, Reyna Flores, or Reyna Gomez and Guillermo Fierros Mata, Guillermo Fierros, or Guillermo Mata in the records of the Yakima County Auditor's office. Such record was searched on the computer index from September 1st, 1985 to January 26, 2011

DATED January 26, 2011

CORKY MATTINGLY, YAKIMA COUNTY AUDITOR

By _____
       Deputy Auditor

| TRANSMISSION VERIFICATION REPORT |
|---|

```
                                      TIME   : 01/26/2011 16:38
                                      NAME   : TRUJILLO LAW OFFICES
                                      FAX    : 15099723841
                                      TEL    : 15099723838
                                      SER.#  : F9J159641
```

```
DATE,TIME              01/26 16:37
FAX NO./NAME           5751426
DURATION               00:00:50
PAGE(S)                03
RESULT                 OK
MODE                   STANDARD
                       ECM
```

14



IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF YAKIMA

EVERGREEN FINANCIAL SERVICES, INC. )
a Washington Corporation ) NO: C07-8254
 )
 ) FIRST ANSWER TO WRIT OF
             Plaintiff ) GARNISHMENT FOR CONTINUING
vs. ) LIEN ON EARNINGS

GUILLERMO FIERROS
and REYNA FIERROS aka REYNA FLORES aka REYNA GOMEZ
husband and wife
             Defendant(s) ) 1532105
 )
ROCHE FRUIT LTD A LIMITED
PARTNERSHIP

             Garnishee Defendant)

If you are withholding the defendant's nonexempt earnings under a previously served writ for a continuing lien, answer only sections I and III of this form and mail or deliver the forms as directed in the writ. Withhold from the defendant's future nonexempt earnings as directed in the writ, and a second set of answer forms will be forwarded to you later.

If you are NOT withholding the defendant's earnings under a previously served writ for a continuing lien, answer this ENTIRE form and mail or deliver the forms as directed in this writ. A second set of answer forms will be forwarded to you later for subsequently withheld earnings.

ANSWER: I am presently holding the defendant's nonexempt earnings under a previous writ served on _____ (date) that will terminate not later than _____ (date).

SECTION I. ON THE DATE the writ of GARNISHMENT WAS ISSUED as indicated by the date appearing on the last page of the writ:

        (A) The defendant:(check one) [✓]was  [ ]was not employed by garnishee. If not employed and you have no possession or control of any funds of defendant, indicate the last day of employment:_____; and complete section III of this answer and mail or deliver the forms as directed in the writ;

ANSWER TO WRIT
OF GARNISHMENT - 1

16

(B) The defendant:(check one) [✓] did  [ ] did not maintain a financial account with garnishee; and

(C) The garnishee:(check one) [ ] did  [✓] did not have possession of or control over any funds, personal property, or effects of the defendant. (List all of defendant's personal property or effects in your possession or control on the last page of this answer form or attach a schedule if necessary.)

SECTION II. At the time of service of the writ of garnishment on the garnishee, there was due and owing from the garnishee to the above-named defendant $_____.

This writ attaches a maximum of twenty-five percent (25%) of the defendant's disposable earnings (that is, compensation payable for personal services, whether called wages, salary, commission, bonus, or otherwise, and including periodic payments pursuant to a nongovernmental pension or retirement program). Calculate the attachable amount as follows:

Gross Earnings:                                          $370.71 (1)

Less deductions required by law (social
security, federal withholding tax, etc.
Do not include deductions for child support orders
or government liens here. Deduct child support orders
and liens on line 7):                                    $52.94 (2)

Disposable Earnings (subtract line 2 from line 1): $317.77 (3)

Enter 75%(percent) of line 3                             $238.33 (4)

Enter one of the following exempt amounts*:              $253.75 (5)
If paid:  Weekly  $253.75    Semi-monthly  $549.79
          Bi-weekly $507.50  Monthly       $1099.58

*These are minimum exempt amounts that the defendant must be paid. If your answer covers more than one pay period, multiply the preceding amount by the number of pay periods and /or fraction thereof your answer covers. If you use a pay period not shown, prorate the monthly exempt amount.

Subtract the larger of lines 4 and 5 from line 3:  $64.02 (6)

Enter amount (if any) withheld for on-going
government liens such as child support:            $ -0-   (7)

Subtract line 7 from line 6. This amount must
be held out for the plaintiff:                     $64.02 (8)

ANSWER TO WRIT
OF GARNISHMENT - 2                                 C07-8254 1532105

This is the formula that you will use for withholding each pay period over the required sixty-day garnishment period. Deduct any allowable processing fee you may charge from the amount that is to be paid to the defendant.

If there is any uncertainty about your answer, give an explanation on the last page or on an attached page.

SECTION III. An attorney may answer for the garnishee.

Under penalty of perjury, I affirm that I have examined this answer, including accompaning schedules, and to the best of my knowledge and belief it is true, correct, and complete.

_Roche Fruit_
Signature of Garnishee Defendant

_5-20-14_
Date

_Kris Posey_
Signature of person answering for garnishee

_Payroll_
Connection with garnishee

_KRIS POSEY_
Print name of person signing

_PO Box 27_
_Yakima WA 98907_
Address of garnishee

_509-248-7200_
Telephone of garnishee

[OPTIONAL]
This space may be used for supplementing or explaining your answer:

Name and Address of Plaintiff:

EVERGREEN FINANCIAL SERVICES, INC.
PO Box 9073
Yakima, WA  98909
509-452-6574 or 800-780-6574

Name and Address of Court:

YAKIMA COUNTY DISTRICT COURT
128 N 2ND ST ROOM #225

YAKIMA WA 98901

ANSWER TO WRIT
OF GARNISHMENT - 5

C07-8254 1532105