UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REYNA FLORES GOMEZ,<br><br>                              Plaintiff,<br><br>        v.<br><br>ROBERT S. YOUNG,<br><br>                              Defendant. | NO:  1:14-CV-3099-TOR<br><br>ORDER OF DISMISSAL |

On June 11, 2015, following Plaintiffs' failure to attend a telephonic Scheduling Conference, the Court issued an Order to Show Cause requiring Plaintiff to show cause on or before June 25, 2015, why her case should not be dismissed for failure to comply with the Court's orders, failure to discuss the case with Defendant in preparation of a status report, failure to file a status report, and failure to participate in the Scheduling Conference.  *See* ECF No. 42.  As of the date of this Order, no response to the Order to Show Cause has been filed.

District courts have the inherent power to control their dockets, and may impose appropriate sanctions up to and including dismissal.  *Thompson v. Hous.*

ORDER OF DISMISSAL ~ 1

*Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A district court

may dismiss an action if the plaintiff fails to prosecute the case or to comply with

any order of the court.  Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258,

1260 (9th Cir. 1992); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)

("The authority of the federal trial court to dismiss a plaintiff's action with

prejudice because of his failure to prosecute cannot seriously be doubted.").  A

district court may also dismiss an action if a party fails to attend a scheduling

conference.  Fed. R. Civ. P. 16(f)(A), 37(b)(2)(A)(v).

However, dismissal is a harsh penalty and should be imposed as a sanction

only in extreme circumstances.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th

Cir. 1986).  In determining whether to dismiss a case, the district court must weigh

five factors including:  "(1) the public's interest in expeditious resolution of

litigation, (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic alternatives."  *Ferdik*, 963 F.2d at 1260-61;

*Henderson*, 779 F.2d at 1423.

The Ninth Circuit has held that "[t]he public's interest in expeditious

resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191

F.3d 983, 990 (9th Cir. 1999).  This case was filed almost a year ago, on July 18,

2014.  ECF No. 1.  The Scheduling Conference was continued for two months to

facilitate settlement of Plaintiff's claims. *See* ECF No. 35. During this time

Plaintiff in fact settled her claims against Evergreen Financial and Webers Auto

and Towing and agreed to dismiss the two entities. ECF No. 36 at 1. The public's

interest in an expeditious resolution of the case was furthered by that settlement.

However, Plaintiff's current ongoing nonparticipation undermines the resolution

offered by the settlement. *See In re Phenylpropanolamine (PPA) Products Liab.*

*Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("[D]elay in reaching the merits,

whether by way of settlement or adjudication, is costly in money, memory,

manageability, and confidence in the process."). As the matter currently stands,

further progress in the case is not possible given Plaintiff's complete failure to

comply with the Court's case management orders or to otherwise participate in the

case. This interferes with the public's interest for an expeditious resolution of the

case and weighs in favor of dismissing the claims against the remaining Defendant.

For much the same reasons, the second factor also supports dismissal. The

Ninth Circuit has noted that "'it is incumbent upon us to preserve the district

courts' power to manage their dockets' without being subject to endless non-

compliance with case management orders." *PPA Products Liab. Litig.*, 460 F.3d at

1227 (quoting *Ferdik*, 963 F.2d at 1261). "This factor is usually reviewed in

conjunction with the public's interest in expeditious resolution." *Id.* This case

cannot proceed further without Plaintiff's participation in scheduling or discovery.

Such an indeterminable delay in the proceedings presents a significant disruption to the Court's schedule and favors dismissal. *See U.S. for Use and Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988) ("[C]ases in which we have upheld orders of dismissal have often involved serious disruptions of the district court's trial schedule.").

In considering the third factor, the Ninth Circuit has stated that "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *PPA Products Liab. Litig.*, 460 F.3d at 1227. The law "presumes prejudice from unreasonable delay" which presumption may be rebutted by a plaintiff's demonstration there was no actual prejudice. *Id.* Plaintiff's delay in this case begins with her failure to engage in a Rule 26(f) conference prior to the Scheduling Conference and continues through Plaintiff's current nonparticipation. Because of Plaintiff's complete lack of participation during this period the Court concludes this delay is not an unavoidable, limited delay inherent in litigation, but an unreasonable delay which impairs Defendant's ability to go to trial. *See id.*; *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("Limited delays and the prejudice to defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays."). Plaintiff has not shown a lack of actual prejudice to rebut the legal presumption

that Defendant is prejudiced by her unreasonable delay.  As such, this factor weighs in favor of dismissal.

The fourth factor for the Court to consider is the public policy favoring disposition of cases on their merits.  While the Ninth Circuit has repeatedly found that public policy favors disposition of cases on the merits, "[a]t the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *PPA Products Liab. Litig.*, 460 F.3d at 1228.  "Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*  Though it is Plaintiff's responsibility to prosecute her case, her conduct is impeding the disposition of this case on the merits.  This factor weighs only slightly against dismissal.

Finally, the Court warned Plaintiff over two weeks ago that failure to comply with the Court's orders may result in dismissal of her remaining claims. *See* ECF No. 42.  The Court has attempted to achieve compliance with its case management orders by means short of dismissal of the case.  *See Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").  The Court has implemented alternative, less drastic means, but

1   concludes that given Plaintiff's complete lack of participation any other alternative

2   is insufficient to compel Plaintiff's compliance with the Court's orders.  At this

3   point, the Court has no viable alternative means to manage its docket but to dismiss

4   Plaintiff's remaining claims.

5       The circumstances of this case warrant dismissal.  It appears that Plaintiff

6   has abandoned further prosecution of the case against the remaining Defendant

7   after settling her claims against Evergreen Financial and Webers Auto and Towing.

8   Prior to the settlement, Plaintiff actively participated in the case, including

9   successfully opposing a motion to dismiss.  *See, e.g.*, ECF No. 18.  Subsequently,

10  however, Plaintiff has failed to respond to Defendant's attempts to confer with her

11  in advance of the Scheduling Conference, ECF No. 39 at 1; has failed to appear at

12  the scheduling conference; and has failed to respond to the Court's Order to Show

13  Cause, despite the Court's warning that failure to comply with that Order and other

14  case management orders may result in dismissal of her remaining claims.  ECF No.

15  42.  The Court concludes that dismissal of this case without prejudice is warranted

16  under Federal Rules of Civil Procedure 16(f)(1)(A), 37(b)(2)(A)(v), and 41(b).

17  //

18  //

19  //

20  //

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  All claims and causes of action in this matter are **DISMISSED** without

    prejudice.

The District Court Executive is hereby directed to enter this Order and

judgment accordingly, furnish copies to counsel and Plaintiff, and **CLOSE** the file.

**DATED** July 1, 2015.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 7